UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-2258 AG (ADSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | VANS, INC. AND VF OUTDOOR, LLC v. TARGET CORPORATION AND FARYLROBIN, LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER REGARDING DEFENDANTS' MOTION TO DISMISS (DKT.27)**

This action involves the design of sneakers sold by Vans and Target. Plaintiffs Vans, Inc. and Outdoor, LLC ("Vans" or "Plaintiffs") have brought claims for Federal Trade Dress Infringement, Federal Trademark Infringement, Federal Unfair Competition, California Unfair and Deceptive Trade Practices, and Common Law Trademark Infringement and Unfair Competition. (Complaint, Dkt. 1.) Defendants Target Corporation and Farylrobin, LLC ("Target" or "Defendants") move to dismiss the First Claim for Federal Trade Dress Infringement under the Lanham Act, 15 U.S.C. § 1125(a).

1.     **BACKGROUND**

The Court takes the following facts from Plaintiffs' Complaint and assumes they're true at this stage. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Target sells a shoe called the "Camella Lace-Up Sneaker" that uses the trade dress and trademarks of Vans's iconic "Old Skool Shoe," a favorite among millennial and Gen-Z women (Compl. ¶ 1.) Consumers on Target's website commonly refer to the Camella as "fake Vans." (*Id.*) The allusion to Vans products in Target's "Wild Fable" line was motivated by a desire to misappropriate Vans's reputation and connection to pop-culture, street culture, and youth culture.  (*Id.* ¶¶ 2, 3.)

Vans's Old Skool Shoe features the "Side Stripe" trademark, a hallmark of the Vans brand that has been incorporated into several footwear and clothing designs (United States Trademark Registration Nos. 2,177,722; 2,172,482; 2,170,961; 4,442,122). (*Id.* ¶ 18.) The Old

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-2258 AG (ADSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | VANS, INC. AND VF OUTDOOR, LLC v. TARGET CORPORATION AND FARYLROBIN, LLC | | |

Skool Shoe was first released in 1977 and has always featured certain distinctive source-identifying elements, including (1) the Vans Side Stripe Trademark, in contrasting color to the show upper, (2) a white rubberized midsole, (3) a contrast line around the top edge of the midsole, (4) a textured toe box around the front of the white midsole, and (5) visible stitching in a contrasting color. (*Id.*) Vans also has a tradition of associating its Old Skool Shoe and other products with its signature checkerboard design. (*Id.* ¶ 25.)

Target launched its Wild Fable line of products in August 2018 to attract young female consumers. Defendant Farylrobin supplied Target with products for the line. (Compl. ¶ 34.) In the Camella shoe, Defendants deliberately incorporate distinctive elements of the Vans Trademarks and copy other features of the Old Skool Shoe, including the white-on-black color scheme and overall shape and silhouette. (*Id.* ¶ 36.)




(Compl. ¶ 34.) To further confuse consumers, Defendants sell the infringing product alongside goods bearing a checkerboard pattern, the signature design element of many Vans products. (*Id.* ¶ 37.) And on information and belief, searching for "women's Vans shoes" on the Target website brings up the infringing product. (*Id.* ¶ 38.)

Consumers have indeed noticed the similarities, referring to the infringing product on review and ratings sites (including Target's) as "fake Vans" or "Vans 'knock-off[s]." (Compl. ¶ 41.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-2258 AG (ADSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | VANS, INC. AND VF OUTDOOR, LLC v. TARGET CORPORATION AND FARYLROBIN, LLC | | |

The copying is also likely to create the false impression that Target and Vans collaborated on the infringing product. (*Id.* ¶ 44.)

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing the complaint's sufficiency, a court must accept "all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 556 U.S. at 678. When alleging fraud, a plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

## 3. FEDERAL TRADE DRESS INFRINGEMENT

The Lanham Act protects against the use of "any word, term, name, symbol, or device, or any combination thereof . . . which is likely to cause confusion . . . as to the origin, sponsorship, or approval" of goods. 15 U.S.C. § 1125(a)(1)(A). The statute protects trade dress, which is the "total image of a product," including features such as size, shape, color, texture, and graphics. *Millenium Laboratories, Inc. v. Ameritox, Ltd.*, 817 F.3d 1123 (9th Cir. 2015), citing *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 n. 3 (9th Cir.1998). The theory underpinning trade dress protection is that the "design or packing of a product may acquire a distinctiveness which serves to identify the product with its manufacturer or source," such that the design or package acquires a "secondary meaning" for consumers. *TrafFix Devices, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SACV 18-2258 AG (ADSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | VANS, INC. AND VF OUTDOOR, LLC v. TARGET CORPORATION AND FARYLROBIN, LLC | | |

*v. Mktg. Displays, Inc.*, 532 U.S. 23, 28 (2001). Features that are functional are not considered trade dress. 15 U.S.C. § 1125(a)(3)(1994 ed., Supp. V).

Here, Defendants argue that Plaintiffs' trade dress terminology is impermissibly vague. For example, Vans asserts rights in the "visible stitching, in contrasting color" but doesn't state which of the ten instances of visible stitching on the Old Skool Shoe are covered by this description. (Mot, Dkt. 27 at 10.) Defendants also say they are uncertain about which texture is implicated when Vans refers to a "textured toe box" on the Old Skool Shoe. (*Id.*) Defendants also take issue with the Complaint's use of the word "including" when describing allegedly infringing trade dress features. They argue this word suggests there are features that aren't stated but that may be included in Vans's definition of their trade dress. (*Id.*, 16-17.)

Defendants' motion relies heavily on *Sugarfina, Inc. v. Sweet Pete's LLC*, 17-CV-4456-RSWL-JEM, 2017 WL 4271133 (C.D. Cal. Sept. 25, 2017) and two other District Court cases to argue that Plaintiffs must precisely describe each element of its alleged trade dress to survive a 12(b)(6) motion. *Sugarfina*, 2017 WL 4271133, at *4 (granting motion to dismiss where Plaintiff "failed to provide a complete list of specific elements of its alleged trade dress"). Indeed, several District Courts in California have stated that "a complete recitation of the concrete elements of [an] alleged trade dress" is crucial to giving adequate notice. *See, e.g., Lepton Labs, LLC v. Walker*, 55 F.Supp.3d 1230, 1240 (C.D. Cal. 2014); *Sleep Sci. Partners v. Lieberman*, No. 09-4200 CW, 2010 WL 1881770 at *3 (N.D. Cal. May 10, 2010).

While the Court does not disagree with the principle underlying those cases, it finds that in the context of this case and product, Plaintiffs' trade dress claim is sufficiently detailed to put Defendants on notice. Trade dress is the "total image" of a product. *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989). While that image is made up of component parts that must be identified, the overarching question for the court is whether the total effect of the Defendants' product is to create confusion with Plaintiffs' product and summon the secondary meaning of Plaintiffs' trade dress. *See, e.g., TrafFix Devices, Inc.*, 532 U.S. at 28. "In evaluating the elements of a trade dress claim, 'it is crucial that [courts] focus *not* on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create.'" *Puma SE v. Forever 21, Inc.*, No. CV 17-2523 PSG,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-2258 AG (ADSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | VANS, INC. AND VF OUTDOOR, LLC v. TARGET CORPORATION AND FARYLROBIN, LLC | | |

2017 U.S. Dist. LEXIS 211140, at *11 (C.D. Cal. June 29, 2017) (denying motion to dismiss regarding trade dress definition).

Here, Plaintiffs have struck a proper balance between describing the total image of the Old Skool Shoe and naming the individual features creating this image. Plaintiffs have given more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" and are not required to provide "detailed factual allegations." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555 (2007). The parties have apparently agreed that Vans will replace the word "including" with "namely" in one instance in the Complaint. (Mot. at 15 n.5.) They have not reached agreement regarding Vans's use of "including" in describing the shoe's visible stitching features, though for clarity, it would be prudent for Vans to make the same word replacement throughout. Still, the word "including" isn't automatically fatal to Plaintiffs' Complaint, and the level of specificity that Defendants demand regarding visible stitching and texture goes beyond the requirements of Rule 8(a).

4.      **DISPOSITION**

Defendants' motion to dismiss is DENIED. (Dkt. 27.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |